**JOHN L. BURRIS ESQ., SBN 69888**
**BENJAMIN NISENBAUM, ESQ., SBN 222173**
**JAMES COOK, ESQ., SBN 300212**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Ben.Nisenbaum@johnburrislaw.com
James.Cook@johnburrislaw.com

Attorneys for Plaintiff
JIMMY BROOKS

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMMY BROOKS, an individual,<br><br>                     Plaintiff,<br><br>    vs.<br>CITY OF VALLEJO, a municipal corporation; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>                     Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, 1988; and pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     On August 30, 2015, Plaintiff Jimmy Brooks was violently beaten by multiple yet-to-be identified Officers of the Vallejo Police Department, without just cause or legal provocation, while he was in the midst of a mental health emergency.

2.     This civil rights action seeks compensatory and punitive damages from Defendants for

COMPLAINT FOR DAMAGES - 1

violating the Fourth and Fourteenth Amendment under the United States Constitution and state law in connection with the violent beating of Plaintiff Jimmy Brooks, who was seriously injured as a result of the unlawful use of force by unidentified Defendant police officer DOES of Defendant City of Vallejo Police Department.

## JURISDICTION

3.   This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343 and 42 U.S.C. Section 12188(a). The unlawful acts and practices alleged herein occurred in Vallejo, Solano County, California, which is within the judicial district of this Court.   This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. Section 1367.

## PARTIES

4.   Plaintiff JIMMY BROOKS ("Brooks") is a resident of California and a United States Citizen.

5.   Defendant CITY OF VALLEJO ("City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Vallejo Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of Defendant DOES 1-50, individually and in their official capacity as peace officers.

6.   Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

7.   Plaintiff is required to comply with an administrative tort claim requirement under California law.  Plaintiff has exhausted all administrative remedies pursuant to California

COMPLAINT FOR DAMAGES - 2

Government Code Section 910.  Plaintiff filed a claim against the City of Vallejo on March 1, 2016. The claim was rejected by the City of Vallejo on April 4, 2016.

## FACTUAL ALLEGATIONS

8.      On August 30, 2015, at or around 7:00 p.m., Plaintiff Jimmy Brooks called his mother to inform her that he was experiencing suicidal thoughts. Plaintiff Brooks' mother, alarmed by the information, called the Vallejo Police Department to assist her son with a welfare check.  Next, several yet-to-be identified Vallejo Police Department Officers arrived at Plaintiff Brooks' residence, located at 1520 Sutter Street in Vallejo, California. When they arrived, Plaintiff Brooks was pouring gasoline on his porch. A yet-to-be identified officer instructed Plaintiff Brooks to wash off his porch with water. The yet-to-be identified officer then left the residence.

9.      Later that night, Plaintiff Brooks' mother heard a gunshot in the vicinity of her home which is located next door to Plaintiff Brooks' residence at 1520 Sutter Street.  Plaintiff Brooks' mother, fearing that the gunshot may have come from her son's home, once again called the Vallejo Police Department to assist with a welfare check at her son's residence.

10.     At approximately 11:00 p.m., Defendant yet-to-be identified Vallejo Police Officer DOES were seen approaching the residence of Plaintiff Brooks. After seeing the Defendant Officers approaching his home, Plaintiff Brooks exited his residence and walked toward his mother's home, located next door.  Plaintiff Brooks felt a sense of fear at the time. Plaintiff Brooks believed that the Vallejo Police Department Officers intended to harm him.  Plaintiff Brooks at that point hid under his mother's porch.  Plaintiff Brooks stayed under the porch for approximately two hours. At approximately 2:00 a.m., Plaintiff Brooks regained a sense of safety.  Plaintiff Brooks then came out from under the porch.  Plaintiff Brooks began walking towards his residence when he was swarmed by yet-to-be indentified Defendant Vallejo Police Department Officer DOES. Inexplicably, without cause, the Defendant Officers began to unreasonably strike Plaintiff Brooks with batons on his legs and torso. At this time, Plaintiff Brooks' mother came out of her home and witnessed Vallejo Police Department officers striking her son. Plaintiff Brooks was then arrested and at no point offered medical treatment for his injuries.

11. As a result of the Defendant DOES use of excessive force, Plaintiff Brooks suffered a fractured right ankle and fractured right fibula. Plaintiff Brooks also received several stitches to mend lacerations on his legs and upper body.

12. Plaintiff alleges that only an unreasonable officer would beat a man under these circumstances and in the manner the Defendant the Defendant officers did. Plaintiff similarly alleges that he never presented any threat to anyone that could justify the amount of force that the Defendant officers used against him.

13. Plaintiff further alleges that each Defendant was reasonably on notice that Plaintiff Brooks posed no threat of harm to anyone at the time that he was violently beaten by the Defendant officers. Plaintiff further alleges that reasonable officers in Defendants' position would have clearly been on notice that Plaintiff Brooks did not pose a threat of harm to anyone at the time that he was relentlessly beaten without cause.

14. The actions and omissions of City and the Defendant Vallejo Police Department Officers was objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions. City was also responsible for Plaintiff's injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

15. The actions of Defendants' described herein were brutal, malicious, and done without just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

16. Before filing this action, Plaintiff made requests for the investigatory records in relation to the beating of Plaintiff Brooks. However, the City of Vallejo has refused to release those records and has refused to identify the Defendant Officer DOES involved in the subject-incident.

# DAMAGES

17. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983, the Fourth and Fourteenth Amendment, Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of the excessive force used against him.

18. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

### FIRST CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Unlawful Detention)**
**(42 U.S.C. § 1983)**
**(Plaintiff Brooks against Defendants DOES 1-25)**

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 of this Complaint.

20. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite reasonable suspicion to detain Plaintiff Brooks.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Unlawful Seizure)**
**(42 U.S.C. § 1983)**
**(Plaintiff Brooks against Defendants DOES 1-25)**

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 of this Complaint.

22. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite probable cause to arrest Plaintiff Brooks.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Excessive Force)**
**(42 U.S.C. § 1983)**
**(Plaintiff Brooks against Defendants DOES 1-25)**

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 of this Complaint.

24. Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(*Monell* - 42 U.S.C. § 1983)**
**(Plaintiff Brooks against Defendants City and DOES 1-50)**

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that high-ranking City officials, including high-ranking police supervisors such as DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about systemic, unwarranted uses of force by DOES 1-25, and/or the Vallejo Police Department.

27. Despite having such notice, Plaintiff is informed and believe and thereon allege that Defendant DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

28. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DOES 1-25 and/or each of them, the Vallejo Police Department encouraged these officers to continue their

course of misconduct and ignored these officers' lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.

29. Plaintiff further allege that Defendant DOES 26-50, and/or each of them, were on notice of the Constitutional defects in their training of City police officers, including, but not limited to unlawful arrests and detentions not based on probable cause.

30. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City officials, including high ranking Vallejo Police Department supervisors DOES 26-50, Defendants DOES 1-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by law enforcement officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
**(Plaintiff Brooks against Defendants DOES 1-25)**

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 of this Complaint.

32. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiff Brook's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

33. As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

34. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code § 52.1(h).

35. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

36. Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Negligence)
### (Plaintiff Brooks against Defendants DOES 1-50)

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

38. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants DOES 1-25 pursuant to section 815.2 of the California Government Code.

39. Defendants' negligently and without due care relentlessly struck Plaintiff Brooks with their batons without legal justification. Plaintiff was seriously injured as a proximate and direct cause of the Defendants' negligent conduct.

40. The violent and needless striking of Plaintiff Brooks occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Battery)
### (Plaintiff Brooks against Defendants DOES 1-25)

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 of this Complaint.

42. Defendants' intentionally struck Plaintiff Brooks with their batons without any just provocation or cause. Defendants' conduct was neither privileged nor justified under state statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHT CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Plaintiff Brooks against Defendants DOES 1-25)

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 of this Complaint.

44. Defendants' above-described conduct was extreme, unreasonable and outrageous. Defendants' relentlessly beat Plaintiff while he was defenseless.

45. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

46. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants DOES 1 through 25 and/or each of them;

4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5. For cost of suit herein incurred; and

6. For injunctive relief enjoining Defendant from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

7. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

8. For violation of California Civil Code Section 52(b), punitive damages against Defendant sheriffs/police, $25,000.00 for each offense and reasonable attorney's fees;

9. For such other and further relief as the Court deems just and proper.


**LAW OFFICES OF JOHN L. BURRIS**

Dated: October 3, 2016            /s/ John L. Burris
                                  John L. Burris, Esq.
                                  Attorney for Plaintiff

Dated: October 3, 2016            /s/ Ben Nisenbaum
                                  Ben Nisenbaum, Esq.
                                  Attorney for Plaintiff

Dated: October 3, 2016            /s/ James A. Cook
                                  James Cook, Esq.
                                  Attorney for Plaintiff